

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

HAIYAN TANG,
  aka "Tina Tang,"

        Defendant.

No. CR**19 CR 00732** PSG

I N F O R M A T I O N

[18 U.S.C. § 1014: False Statement
to a Financial Institution]

The United States Attorney charges:

[18 U.S.C. §§ 1014, 2(b)]

I.   INTRODUCTORY ALLEGATIONS

    At times relevant to this Information:

    A.  Defendant and 3T Holding, Inc.

    1.  Defendant HAIYAN TANG, also known as "Tina Tang," was a
resident of Arcadia, California, within the Central District of
California.  Defendant TANG was the sole owner, officer, and operator
of 3T Holding, Inc. ("3T").

2.    3T was a business located in Compton, California, within the Central District of California, that bought and sold recycled metal and plastic scrap prior to export, primarily to China.

3.    GBC International Bank ("GBC") was a financial institution, based in Los Angeles, California, within the Central District of California, whose deposits were insured by the Federal Deposit of Insurance Corporation. GBC provided financing to businesses in the United States that exported goods to countries outside of the United States.

B.    3T Approved for a $3 Million Loan

4.    On or about December 14, 2014, defendant TANG signed and submitted on behalf of 3T an application to GBC for a revolving line of credit of $3,000,000 (the "Loan").  The amount of borrowed funds that 3T could draw down at any one time on the Loan from GBC was based upon, among other financial considerations, the value of 3T's contracts and purchase orders with its customers.  In order to draw down funds available on the Loan, 3T was required to submit to GBC a request that the bank disburse funds to 3T's business checking account at GBC, which was referred to as a "request for advance."

5.    In connection with a request for advance, 3T was required to submit, among other financial documentation, sales contracts and purchase orders from 3T's customers that demonstrated to GBC that the requested borrowed funds would be used by 3T to pay its suppliers, thereby enabling 3T to fill those contracts and orders.

6.    The Loan was guaranteed by the Export-Import Bank of the United States ("EXIM Bank").  EXIM Bank was an independent agency of the executive branch of the United States.  EXIM Bank supported and encouraged financing for the export of United States goods to

2

companies overseas. One of the ways EXIM Bank fulfilled this mission was by issuing loan guarantees or loan insurance policies to banks that loaned money to businesses in the United States engaged in the export of United States goods for the purpose of buying materials to fill export orders.

II.  DEFENDANT'S FALSE STATEMENTS TO THE BANK

7.  On or about January 29, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant TANG knowingly made, and willfully caused to be made, a false and fraudulent statement and report to GBC, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the actions of GBC in connection with and in support of 3T's request for advance to GBC to disburse to 3T $2,500,000 under the $3 million Loan guaranteed by the EXIM Bank. Specifically, prior to 3T's request for advance, defendant TANG on behalf of 3T submitted and willfully caused to be submitted to GBC false financial documentation, purporting to show that 3T had purchase orders and sales contracts to export materials for three customers, namely: (a) a sales contract with Dunuo International (Hong Kong) Industry Co. Limited, to purchase $1,000,000 of plastic scrap from 3T; (b) a sales contract with Q&V Power, Inc., to purchase $2,004,000 of plastic flakes from 3T ("Q&V sales contract"); and (c) a purchase order from CMET International Inc., to purchase $255,600 of metal scrap from 3T ("CMET purchase order"), for a total amount of approximately $3,259,600 (collectively, the "Sales Documents"). At the time that defendant TANG submitted the Sales Documents to GBC, defendant TANG knew at least the Q&V sales contract and the CMET purchase order were false and fraudulent in that 3T had not in fact

1  received these documents from the companies named on the documents,

2  which all stated substantially inflated purchase order and contract

3  amounts.

4  NICOLA T. HANNA
   United States Attorney
5

6  Scott M. Garringer
   Deputy Chief, Criminal Division For:

7  BRANDON D. FOX
   Assistant United States Attorney
8  Chief, Criminal Division

9  RANEE A. KATZENSTEIN
   Assistant United States Attorney
10 Chief, Major Frauds Section

11 ALEXANDER F. PORTER
   Assistant United States Attorney
12 Acting Deputy Chief, Major Frauds
   Section
13

14 STEVEN M. ARKOW
   Assistant United States Attorney
15 Major Frauds Section

16

17

18

19

20

21

22

23

24

25

26

27

28